[Civ. No. 6654. Second Appellate District, Division Two.—March 26, 1931.]

WILLIAM LEVINSON, etc., Respondent, v. SANTA CLARA VALLEY LAND COMPANY (a Corporation) et al., Defendants; A. B. WIDNEY, Appellant.

Frank L. Muhleman, C. Sherman Anderson and Muhleman, Anderson & Palmer for Appellant.

H. E. Gleason and Louis Feinstein for Respondent.

THOMPSON (IRA F.), J.—The appeal in this case by the defendant A. B. Widney from a judgment against him in the sum of $4,356.90, including costs, involves the second cause of action in a complaint, which count is founded upon an account stated. It appears that for some time prior to December 19, 1923, the plaintiffs' assignor, A. L. Martin, had been employed as a real estate salesman by appellant, who was then doing business as the Suburban Estates Company; that his compensation was two and one-half per cent commission on all sales made, plus an additional commission

on sales made by him personally; that at the time mentioned appellant was indebted to Martin somewhere in the neighborhood of $15,000 for commissions earned. On this date the parties, together with one J. B. Meikle, entered into an agreement whereby the business was to be conducted as theretofore, under the name of the "Suburban Estates Company"; that each of the three parties was to receive "a weekly salary or compensation" as follows:

"A. B. Widney, $250.00

"A. L. Martin, $150.00 (out of his 2½% overhead commission)

"J. B. Meikle, $100.00,

payable from said proceeds Saturday of each week. Neither of said parties is obligated personally for any of said payments." Between the date of the agreement from which we have just quoted and April 19, 1924, Martin "earned approximately $5,000" and drew $4,722.71. On the last-mentioned date the parties entered into the following agreement: "Final Settlement Agreement. In consideration of the transfer of two hundred (200) shares of stock in the Santa Clara Valley Land Company and the release of the contract of employment between said Santa Clara Valley Land Company and other claims of every nature against the Santa Clara Valley Land Company and the Suburban Estates Company and A. B. Widney the undersigned do hereby assign to A. L. Martin, all of the commissions due and to become due from Maurita Grove Company to the undersigned under the selling agency contract entered into on the fifteenth day of September, 1923, between said Maurita Grove Company and Suburban Estates Company, *as security for the payment of the commissions and compensations now due or to become due, to said A. L. Martin* under his contract with the Suburban Estates Company and with the Santa Clara Valley Land Company and A. B. Widney, as salesman and sales manager for the sale of properties in the Pacoima District and elsewhere, and authorize said Maurita Grove Company to pay same to said A. L. Martin up to the amount due, or to become due to him, in the amount of fifteen thousand, one hundred, thirty seven dollars and sixty-one cents ($15,137.61). Any and all surplus remaining unpaid after the payment of said commissions due to said A. L. Martin are to be accountd for and paid to Suburban

Estates Company or its assigns.'' (Italics ours.) The signatures of all the parties appear. Payments were made regularly by the Maurita Grove Company for the difference between the $15,137.61 and the unpaid balance which the court found was $4,306.

The principal contention of appellant is that inasmuch as none of the parties were obligated to pay the weekly compensation mentioned in the agreement of December 19, 1923, that the memorandum of April 19, 1924, cannot be taken to mean an acknowledgment of or a settlement of their accounts as of its date. It is also said that under the ''facts and circumstances of the case'' the agreement should be read to mean that it creates no new liability. It must be borne in mind that the trial court had all the facts and circumstances before it and was from that standpoint better able to determine the intent of the parties than are we. But even to us, when we take into consideration testimony to the effect that the Santa Clara Valley Land Company was not indebted to plaintiffs' assignor but only, if at all, to the Suburban Estates Company, it seems inescapable that the parties had agreed upon the sum of $15,137.61 as being due to Martin as his commissions in acting as salesman. Whether it is determinative of the question or not there is the fact that the agreement of December 19, 1923, only provided that Martin was to receive a drawing account of $150 per week chargeable against his commission of two and one-half per cent. It is also to be observed that he had earned approximately the amount mentioned in the ''Final Settlement Agreement'' before the so-called co-operative agreement. There is nothing made to appear in appellant's brief which would justify us in saying that the finding of the court to the effect that an account was stated between A. L. Martin and the defendant is not supported by the evidence.

Appellant also asserts that the court erred in permitting plaintiff to amend his complaint by alleging that his assignor was a duly licensed real estate agent and permitting him to make proof of that fact. The statement of the argument or position of the appellant in this particular carries its own refutation. He says: ''The amended complaint on which plaintiff went to trial was not susceptible of amendment, being in effect no pleading whatever, and the bringing

of the action should date from date of filing of the second amended complaint." This simply means that when a complaint lacks an essential allegation it is no complaint and cannot be amended, but such is not and never was the law. Amendments are to be allowed in the sound discretion of the court and in the furtherance of justice. The rule of law is too well known to necessitate the citation of authority. No other arguments are advanced.

Judgment affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.